CA No. 23-991

# In the
# United States Court of Appeals
# For the Ninth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

GREGORY PHEASANT,

Defendant-Appellee.

On Appeal from the United States District Court
for the District of Nevada,

**District Court No.** 3:21-cr-24 (Robert C. Jones, *J.*)

## GOVERNMENT'S ADDENDUM

JASON M. FRIERSON
United States Attorney

ROBERT L. ELLMAN
Appellate Chief

ADAM FLAKE
Assistant U.S. Attorney
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
adam.flake@usdoj.gov
*Attorneys for the United States*

Date submitted: November 17, 2023

# ADDENDUM INDEX

**Federal Statutes**

43 U.S.C. § 1701 ................................................................................ADD 3

43 U.S.C. § 1702 ................................................................................ADD 5

43 U.S.C. § 1732 ................................................................................ADD 8

43 U.S.C. § 1733 ................................................................................ADD 11

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

United States Code Annotated
   Title 43. Public Lands (Refs & Annos)
      Chapter 35. Federal Land Policy and Management (Refs & Annos)
         Subchapter I. General Provisions

43 U.S.C.A. § 1701

§ 1701. Congressional declaration of policy

Currentness

**(a)** The Congress declares that it is the policy of the United States that--

**(1)** the public lands be retained in Federal ownership, unless as a result of the land use planning procedure provided for in this Act, it is determined that disposal of a particular parcel will serve the national interest;

**(2)** the national interest will be best realized if the public lands and their resources are periodically and systematically inventoried and their present and future use is projected through a land use planning process coordinated with other Federal and State planning efforts;

**(3)** public lands not previously designated for any specific use and all existing classifications of public lands that were effected by executive action or statute before October 21, 1976, be reviewed in accordance with the provisions of this Act;

**(4)** the Congress exercise its constitutional authority to withdraw or otherwise designate or dedicate Federal lands for specified purposes and that Congress delineate the extent to which the Executive may withdraw lands without legislative action;

**(5)** in administering public land statutes and exercising discretionary authority granted by them, the Secretary be required to establish comprehensive rules and regulations after considering the views of the general public; and to structure adjudication procedures to assure adequate third party participation, objective administrative review of initial decisions, and expeditious decisionmaking;

**(6)** judicial review of public land adjudication decisions be provided by law;

**(7)** goals and objectives be established by law as guidelines for public land use planning, and that management be on the basis of multiple use and sustained yield unless otherwise specified by law;

**(8)** the public lands be managed in a manner that will protect the quality of scientific, scenic, historical, ecological, environmental, air and atmospheric, water resource, and archeological values; that, where appropriate, will preserve and

ADD 003

protect certain public lands in their natural condition; that will provide food and habitat for fish and wildlife and domestic animals; and that will provide for outdoor recreation and human occupancy and use;

**(9)** the United States receive fair market value of the use of the public lands and their resources unless otherwise provided for by statute;

**(10)** uniform procedures for any disposal of public land, acquisition of non-Federal land for public purposes, and the exchange of such lands be established by statute, requiring each disposal, acquisition, and exchange to be consistent with the prescribed mission of the department or agency involved, and reserving to the Congress review of disposals in excess of a specified acreage;

**(11)** regulations and plans for the protection of public land areas of critical environmental concern be promptly developed;

**(12)** the public lands be managed in a manner which recognizes the Nation's need for domestic sources of minerals, food, timber, and fiber from the public lands including implementation of the Mining and Minerals Policy Act of 1970 (84 Stat. 1876, 30 U.S.C. 21a) as it pertains to the public lands; and

**(13)** the Federal Government should, on a basis equitable to both the Federal and local taxpayer, provide for payments to compensate States and local governments for burdens created as a result of the immunity of Federal lands from State and local taxation.

**(b)** The policies of this Act shall become effective only as specific statutory authority for their implementation is enacted by this Act or by subsequent legislation and shall then be construed as supplemental to and not in derogation of the purposes for which public lands are administered under other provisions of law.

## CREDIT(S)

(Pub.L. 94-579, Title I, § 102, Oct. 21, 1976, 90 Stat. 2744.)

Notes of Decisions (42)

43 U.S.C.A. § 1701, 43 USCA § 1701
Current through P.L. 118-21. Some statute sections may be more current, see credits for details.

**End of Document**                              © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**ADD 004**

United States Code Annotated
  Title 43. Public Lands (Refs & Annos)
    Chapter 35. Federal Land Policy and Management (Refs & Annos)
      Subchapter I. General Provisions

43 U.S.C.A. § 1702

§ 1702. Definitions

Currentness

Without altering in any way the meaning of the following terms as used in any other statute, whether or not such statute is referred to in, or amended by, this Act, as used in this Act--

**(a)** The term "areas of critical environmental concern" means areas within the public lands where special management attention is required (when such areas are developed or used or where no development is required) to protect and prevent irreparable damage to important historic, cultural, or scenic values, fish and wildlife resources or other natural systems or processes, or to protect life and safety from natural hazards.

**(b)** The term "holder" means any State or local governmental entity, individual, partnership, corporation, association, or other business entity receiving or using a right-of-way under subchapter V of this chapter.

**(c)** The term "multiple use" means the management of the public lands and their various resource values so that they are utilized in the combination that will best meet the present and future needs of the American people; making the most judicious use of the land for some or all of these resources or related services over areas large enough to provide sufficient latitude for periodic adjustments in use to conform to changing needs and conditions; the use of some land for less than all of the resources; a combination of balanced and diverse resource uses that takes into account the long-term needs of future generations for renewable and nonrenewable resources, including, but not limited to, recreation, range, timber, minerals, watershed, wildlife and fish, and natural scenic, scientific and historical values; and harmonious and coordinated management of the various resources without permanent impairment of the productivity of the land and the quality of the environment with consideration being given to the relative values of the resources and not necessarily to the combination of uses that will give the greatest economic return or the greatest unit output.

**(d)** The term "public involvement" means the opportunity for participation by affected citizens in rulemaking, decisionmaking, and planning with respect to the public lands, including public meetings or hearings held at locations near the affected lands, or advisory mechanisms, or such other procedures as may be necessary to provide public comment in a particular instance.

**(e)** The term "public lands" means any land and interest in land owned by the United States within the several States and administered by the Secretary of the Interior through the Bureau of Land Management, without regard to how the United States acquired ownership, except--

  **(1)** lands located on the Outer Continental Shelf; and

ADD 005

(2) lands held for the benefit of Indians, Aleuts, and Eskimos.

(f) The term "right-of-way" includes an easement, lease, permit, or license to occupy, use, or traverse public lands granted for the purpose listed in subchapter V of this chapter.

(g) The term "Secretary", unless specifically designated otherwise, means the Secretary of the Interior.

(h) The term "sustained yield" means the achievement and maintenance in perpetuity of a high-level annual or regular periodic output of the various renewable resources of the public lands consistent with multiple use.

(i) The term "wilderness" as used in section 1782 of this title shall have the same meaning as it does in section 1131(c) of Title 16.

(j) The term "withdrawal" means withholding an area of Federal land from settlement, sale, location, or entry, under some or all of the general land laws, for the purpose of limiting activities under those laws in order to maintain other public values in the area or reserving the area for a particular public purpose or program; or transferring jurisdiction over an area of Federal land, other than "property" governed by the Federal Property and Administrative Services Act, as amended (40 U.S.C. 472) from one department, bureau or agency to another department, bureau or agency.

(k) An "allotment management plan" means a document prepared in consultation with the lessees or permittees involved, which applies to livestock operations on the public lands or on lands within National Forests in the eleven contiguous Western States and which:

(1) prescribes the manner in, and extent to, which livestock operations will be conducted in order to meet the multiple-use, sustained-yield, economic and other needs and objectives as determined for the lands by the Secretary concerned; and

(2) describes the type, location, ownership, and general specifications for the range improvements to be installed and maintained on the lands to meet the livestock grazing and other objectives of land management; and

(3) contains such other provisions relating to livestock grazing and other objectives found by the Secretary concerned to be consistent with the provisions of this Act and other applicable law.

(l) The term "principal or major uses" includes, and is limited to, domestic livestock grazing, fish and wildlife development and utilization, mineral exploration and production, rights-of-way, outdoor recreation, and timber production.

(m) The term "department" means a unit of the executive branch of the Federal Government which is headed by a member of the President's Cabinet and the term "agency" means a unit of the executive branch of the Federal Government which is not under the jurisdiction of a head of a department.

(n) The term "Bureau [1] means the Bureau of Land Management.

**ADD 006**

§ 1702. Definitions, 43 USCA § 1702

**(o)** The term "eleven contiguous Western States" means the States of Arizona, California, Colorado, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington, and Wyoming.

**(p)** The term "grazing permit and lease" means any document authorizing use of public lands or lands in National Forests in the eleven contiguous western States for the purpose of grazing domestic livestock.

### CREDIT(S)

(Pub.L. 94-579, Title I, § 103, Oct. 21, 1976, 90 Stat. 2745.)

Notes of Decisions (6)

### Footnotes

1       So in original. Probably should have a close quote.

43 U.S.C.A. § 1702, 43 USCA § 1702
Current through P.L. 118-21. Some statute sections may be more current, see credits for details.

       © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**ADD 007**

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.   3

United States Code Annotated
  Title 43. Public Lands (Refs & Annos)
    Chapter 35. Federal Land Policy and Management (Refs & Annos)
      Subchapter III. Administration

43 U.S.C.A. § 1732

§ 1732. Management of use, occupancy, and development of public lands

Currentness

**(a) Multiple use and sustained yield requirements applicable; exception**

The Secretary shall manage the public lands under principles of multiple use and sustained yield, in accordance with the land use plans developed by him under section 1712 of this title when they are available, except that where a tract of such public land has been dedicated to specific uses according to any other provisions of law it shall be managed in accordance with such law.

**(b) Easements, permits, etc., for utilization through habitation, cultivation, and development of small trade or manufacturing concerns; applicable statutory requirements**

In managing the public lands, the Secretary shall, subject to this Act and other applicable law and under such terms and conditions as are consistent with such law, regulate, through easements, permits, leases, licenses, published rules, or other instruments as the Secretary deems appropriate, the use, occupancy, and development of the public lands, including, but not limited to, long-term leases to permit individuals to utilize public lands for habitation, cultivation, and the development of small trade or manufacturing concerns: *Provided,* That unless otherwise provided for by law, the Secretary may permit Federal departments and agencies to use, occupy, and develop public lands only through rights-of-way under section 1767 of this title, withdrawals under section 1714 of this title, and, where the proposed use and development are similar or closely related to the programs of the Secretary for the public lands involved, cooperative agreements under section 1737(b) of this title: *Provided further,* That nothing in this Act shall be construed as authorizing the Secretary concerned to require Federal permits to hunt and fish on public lands or on lands in the National Forest System and adjacent waters or as enlarging or diminishing the responsibility and authority of the States for management of fish and resident wildlife. However, the Secretary concerned may designate areas of public land and of lands in the National Forest System where, and establish periods when, no hunting or fishing will be permitted for reasons of public safety, administration, or compliance with provisions of applicable law. Except in emergencies, any regulations of the Secretary concerned relating to hunting and fishing pursuant to this section shall be put into effect only after consultation with the appropriate State fish and game department. Nothing in this Act shall modify or change any provision of Federal law relating to migratory birds or to endangered or threatened species. Except as provided in section 1744, section 1782, and subsection (f) of section 1781 of this title and in the last sentence of this paragraph, no provision of this section or any other section of this Act shall in any way amend the Mining Law of 1872 or impair the rights of any locators or claims under that Act, including, but not limited to, rights of ingress and egress. In managing the public lands the Secretary shall, by regulation or otherwise, take any action necessary to prevent unnecessary or undue degradation of the lands.

**(c) Revocation or suspension provision in instrument authorizing use, occupancy or development; violation of provision; procedure applicable**

The Secretary shall insert in any instrument providing for the use, occupancy, or development of the public lands a provision authorizing revocation or suspension, after notice and hearing, of such instrument upon a final administrative finding of a

**ADD 008**

violation of any term or condition of the instrument, including, but not limited to, terms and conditions requiring compliance with regulations under Acts applicable to the public lands and compliance with applicable State or Federal air or water quality standard or implementation plan: *Provided*, That such violation occurred on public lands covered by such instrument and occurred in connection with the exercise of rights and privileges granted by it: *Provided further*, That the Secretary shall terminate any such suspension no later than the date upon which he determines the cause of said violation has been rectified: *Provided further*, That the Secretary may order an immediate temporary suspension prior to a hearing or final administrative finding if he determines that such a suspension is necessary to protect health or safety or the environment: *Provided further*, That, where other applicable law contains specific provisions for suspension, revocation, or cancellation of a permit, license, or other authorization to use, occupy, or develop the public lands, the specific provisions of such law shall prevail.

**(d) Authorization to utilize certain public lands in Alaska for military purposes**

**(1)** The Secretary of the Interior, after consultation with the Governor of Alaska, may issue to the Secretary of Defense or to the Secretary of a military department within the Department of Defense or to the Commandant of the Coast Guard a nonrenewable general authorization to utilize public lands in Alaska (other than within a conservation system unit or the Steese National Conservation Area or the White Mountains National Recreation Area) for purposes of military maneuvering, military training, or equipment testing not involving artillery firing, aerial or other gunnery, or other use of live ammunition or ordnance.

**(2)** Use of public lands pursuant to a general authorization under this subsection shall be limited to areas where such use would not be inconsistent with the plans prepared pursuant to section 1712 of this title. Each such use shall be subject to a requirement that the using department shall be responsible for any necessary cleanup and decontamination of the lands used, and to such other terms and conditions (including but not limited to restrictions on use of off-road or all-terrain vehicles) as the Secretary of the Interior may require to--

    **(A)** minimize adverse impacts on the natural, environmental, scientific, cultural, and other resources and values (including fish and wildlife habitat) of the public lands involved; and

    **(B)** minimize the period and method of such use and the interference with or restrictions on other uses of the public lands involved.

**(3)(A)** A general authorization issued pursuant to this subsection shall not be for a term of more than three years and shall be revoked in whole or in part, as the Secretary of the Interior finds necessary, prior to the end of such term upon a determination by the Secretary of the Interior that there has been a failure to comply with its terms and conditions or that activities pursuant to such an authorization have had or might have a significant adverse impact on the resources or values of the affected lands.

**(B)** Each specific use of a particular area of public lands pursuant to a general authorization under this subsection shall be subject to specific authorization by the Secretary and to appropriate terms and conditions, including such as are described in paragraph (2) of this subsection.

**(4)** Issuance of a general authorization pursuant to this subsection shall be subject to the provisions of section 1712(f) of this title, section 3120 of Title 16, and all other applicable provisions of law. The Secretary of a military department (or the Commandant of the Coast Guard) requesting such authorization shall reimburse the Secretary of the Interior for the costs of implementing this

**ADD 009**

§ 1732. Management of use, occupancy, and development of..., 43 USCA § 1732

paragraph. An authorization pursuant to this subsection shall not authorize the construction of permanent structures or facilities on the public lands.

**(5)** To the extent that public safety may require closure to public use of any portion of the public lands covered by an authorization issued pursuant to this subsection, the Secretary of the military department concerned or the Commandant of the Coast Guard shall take appropriate steps to notify the public concerning such closure and to provide appropriate warnings of risks to public safety.

**(6)** For purposes of this subsection, the term "conservation system unit" has the same meaning as specified in section 3102 of Title 16.

## CREDIT(S)

(Pub.L. 94-579, Title III, § 302, Oct. 21, 1976, 90 Stat. 2762; Pub.L. 100-586, Nov. 3, 1988, 102 Stat. 2980.)

Notes of Decisions (68)

43 U.S.C.A. § 1732, 43 USCA § 1732
Current through P.L. 118-21. Some statute sections may be more current, see credits for details.

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

**ADD 010**

United States Code Annotated
  Title 43. Public Lands (Refs & Annos)
    Chapter 35. Federal Land Policy and Management (Refs & Annos)
      Subchapter III. Administration

43 U.S.C.A. § 1733

§ 1733. Enforcement authority

Currentness

**(a) Regulations for implementation of management, use, and protection requirements; violations; criminal penalties**

The Secretary shall issue regulations necessary to implement the provisions of this Act with respect to the management, use, and protection of the public lands, including the property located thereon. Any person who knowingly and willfully violates any such regulation which is lawfully issued pursuant to this Act shall be fined no more than $1,000 or imprisoned no more than twelve months, or both. Any person charged with a violation of such regulation may be tried and sentenced by any United States magistrate judge designated for that purpose by the court by which he was appointed, in the same manner and subject to the same conditions and limitations as provided for in section 3401 of Title 18.

**(b) Civil actions by Attorney General for violations of regulations; nature of relief; jurisdiction**

At the request of the Secretary, the Attorney General may institute a civil action in any United States district court for an injunction or other appropriate order to prevent any person from utilizing public lands in violation of regulations issued by the Secretary under this Act.

**(c) Contracts for enforcement of Federal laws and regulations by local law enforcement officials; procedure applicable; contract requirements and implementation**

**(1)** When the Secretary determines that assistance is necessary in enforcing Federal laws and regulations relating to the public lands or their resources he shall offer a contract to appropriate local officials having law enforcement authority within their respective jurisdictions with the view of achieving maximum feasible reliance upon local law enforcement officials in enforcing such laws and regulations. The Secretary shall negotiate on reasonable terms with such officials who have authority to enter into such contracts to enforce such Federal laws and regulations. In the performance of their duties under such contracts such officials and their agents are authorized to carry firearms; execute and serve any warrant or other process issued by a court or officer of competent jurisdiction; make arrests without warrant or process for a misdemeanor he has reasonable grounds to believe is being committed in his presence or view, or for a felony if he has reasonable grounds to believe that the person to be arrested has committed or is committing such felony; search without warrant or process any person, place, or conveyance according to any Federal law or rule of law; and seize without warrant or process any evidentiary item as provided by Federal law. The Secretary shall provide such law enforcement training as he deems necessary in order to carry out the contracted for responsibilities. While exercising the powers and authorities provided by such contract pursuant to this section, such law enforcement officials and their agents shall have all the immunities of Federal law enforcement officials.

**ADD 011**

**(2)** The Secretary may authorize Federal personnel or appropriate local officials to carry out his law enforcement responsibilities with respect to the public lands and their resources. Such designated personnel shall receive the training and have the responsibilities and authority provided for in paragraph (1) of this subsection.

**(d) Cooperation with regulatory and law enforcement officials of any State or political subdivision in enforcement of laws or ordinances**

In connection with the administration and regulation of the use and occupancy of the public lands, the Secretary is authorized to cooperate with the regulatory and law enforcement officials of any State or political subdivision thereof in the enforcement of the laws or ordinances of such State or subdivision. Such cooperation may include reimbursement to a State or its subdivision for expenditures incurred by it in connection with activities which assist in the administration and regulation of use and occupancy of the public lands.

**(e) Uniformed desert ranger force in California Desert Conservation Area; establishment; enforcement of Federal laws and regulations**

Nothing in this section shall prevent the Secretary from promptly establishing a uniformed desert ranger force in the California Desert Conservation Area established pursuant to section 1781 of this title for the purpose of enforcing Federal laws and regulations relating to the public lands and resources managed by him in such area. The officers and members of such ranger force shall have the same responsibilities and authority as provided for in paragraph (1) of subsection (c) of this section.

**(f) Applicability of other Federal enforcement provisions**

Nothing in this Act shall be construed as reducing or limiting the enforcement authority vested in the Secretary by any other statute.

**(g) Unlawful activities**

The use, occupancy, or development of any portion of the public lands contrary to any regulation of the Secretary or other responsible authority, or contrary to any order issued pursuant to any such regulation, is unlawful and prohibited.

### CREDIT(S)

(Pub.L. 94-579, Title III, § 303, Oct. 21, 1976, 90 Stat. 2763; Pub.L. 101-650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117.)

Notes of Decisions (17)

43 U.S.C.A. § 1733, 43 USCA § 1733
Current through P.L. 118-21. Some statute sections may be more current, see credits for details.

**End of Document**                        © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**ADD 012**