No. 23-991
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff – Appellant*,

v.

GREGORY W. PHEASANT,

*Defendant – Appellee*.

On Appeal from the United States District Court
for the District of Nevada
No. 3:21-cr-24
Hon. Robert C. Jones

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* AMERICANS FOR PROSPERITY FOUNDATION
IN SUPPORT OF DEFENDANT – APPELLEE**

Michael Pepson
AMERICANS FOR PROSPERITY FOUNDATION
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
571.329.4529
mpepson@afphq.org

April 25, 2024          Attorney for *Amicus Curiae*

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

*Amicus curiae* Americans for Prosperity Foundation is a nonprofit corporation. It has no parent companies, subsidiaries, or affiliates that have issued shares or debt securities to the public.

i

### UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF
### *AMICUS CURIAE* AMERICANS FOR PROSPERITY FOUNDATION
### IN SUPPORT OF DEFENDANT-APPELLEE

Pursuant to FRAP 29(a)(3) and Circuit Rule 29-3, Americans for Prosperity Foundation ("AFPF") respectfully moves this Court for leave to file the accompanying *amicus* brief in support of Defendant – Appellee Gregory Pheasant.

AFPF endeavored to obtain the consent of all parties to the filing of the brief before moving the Court for permission to file the proposed brief.

Mr. Pheasant consents to the filing of AFPF's proposed brief. The government has no opposition to the filing of AFPF's brief.

### I.    Interest of Proposed *Amicus Curiae*

Proposed *amicus curiae* AFPF is a 501(c)(3) nonprofit organization committed to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and open society. One of those ideas is how the separation of powers is vital to protect liberty. As part of this mission, it appears as *amicus curiae* before federal and state courts. AFPF regularly files *amicus* briefs in cases implicating Article I of the Constitution.[1] AFPF has also appeared as *amicus*

---

[1] *See, e.g.,* Br. of *Amicus Curiae* AFPF in Support of Petitioners, *West Virginia v. EPA*, Nos. 20-1530, 20-1531, 20-1778, 20-1780 (U.S., filed Dec. 21, 2021); Br. of *Amicus Curiae* AFPF in Support of Petitioners, *Sackett v. EPA*, No. 21-454 (U.S., filed April 14, 2022); Br. of *Amicus Curiae* AFPF in Support of Respondents, *Biden v. Nebraska*, No. 22-506 (U.S., filed Dec. 1, 2022); Br. of *Amicus Curiae* AFPF in Support of Respondents, *CFPB v. CFSA*, No. 22-448 (U.S., filed July 7, 2023); Br.

1

*curiae* in this Court. *See, e.g.,* Br. of *Amici Curiae* AFPF and the Chamber of Commerce of the United States of America in Support of Plaintiff-Appellant's Petition for Rehearing En Banc, *Axon, Inc. v. FTC et al.*, No. 20-15662 (9th Cir., filed Mar. 23, 2021); Br. of AFPF and Professor Luke C. Sheahan as *Amici Curiae* in Support of Appellants and Reversal, *Fellowship of Christian Athletes et al. v. San Jose Unified School District Board of Education et al.*, No. 22-15827 (9th Cir., filed Feb. 22, 2023); Br. of *Amicus Curiae* AFPF in Support of Appellee, Cross-Appellant Apple, Inc., *Epic Games, Inc. v. Apple, Inc.*, Nos. 21-16506 & 21-16695 (9th Cir., filed Mar. 31, 2022).

## II. Desirability and Relevance of Proposed *Amicus* Brief

AFPF respectfully submits that the proposed brief is both "desirable" and "relevant" to the disposition of this case of first impression raising fundamental questions of constitutional law. FRAP 29(a)(3); *see also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) ("The criterion of desirability . . . is open-ended, but a broad reading is prudent.").

"'An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of

---

of *Amicus Curiae* AFPF in Support of Respondents, *SEC v. Jarkesy*, No. 22-859 (U.S., filed Oct. 16, 2023); Br. of *Amicus Curiae* AFPF in Support of Petitioners, *Consumers' Research et al. v. FCC et al.*, No. 23-456 (U.S., filed Nov. 30, 2023); Br. of *Amicus Curiae* AFPF in Support of Petitioner, *Allstates Refractory Contractors, LLC v. Su et al.*, No. 23-819 (U.S., filed Feb. 23, 2024).

2

considerable help to the Court.'" FRAP 29, 1998 advisory comm. note (quoting S. Ct. R. 37.1). AFPF believes that its proposed amicus brief is highly relevant and focuses on points, perspectives, and analysis that are unique from, or materially build on, the arguments the parties have advanced. Specifically, AFPF's brief focuses on the extent to which the Federal Land Policy and Management Act of 1976's delegation of sweeping discretion to the Secretary of Interior (and, by extension, the Bureau of Land Management) to create new federal crimes is consistent with Article I's Vesting Clause, as an original matter. The brief also explores whether the delegation of criminal lawmaking power at issue here can be sustained under the modern nondelegation doctrine. More broadly, AFPF's brief discusses the values protected by and practical importance of the Constitution's bar against delegations of Congress's exclusive legislative power to other entities, particularly with respect to Congress's power to choose what conduct should be a federal crime through the deliberately difficult legislative process, subject to constitutional limits on Congress's power.

For these reasons, AFPF respectfully submits that it is well situated to provide the Court with information helpful for the resolution of this case beyond the specific perspectives provided by counsel for the parties. *See Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.,* 694 F.2d 203, 204 (9th Cir. 1982) ("classic role of *amicus curiae*" is "assisting in a case of general public interest,

3

supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration"); *see also United States v. Michigan*, 940 F.2d 143, 165–66 (6th Cir. 1991) (accepting participation of *amicus curiae* where *amicus* offered information that was "timely, useful, or otherwise necessary to the administration of justice"); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

## CONCLUSION

For the foregoing reasons, AFPF respectfully submits that the Court should grant leave to file the accompanying brief in support of Defendant–Appellee.

Respectfully submitted,

/s/ Michael Pepson
Michael Pepson
AMERICANS FOR PROSPERITY FOUNDATION
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
571.329.4529
mpepson@afphq.org

4

## CERTIFICATE OF COMPLIANCE

This Unopposed Motion for Leave to File Brief of Amicus Curiae Americans for Prosperity Foundation in Support of Petitioner complies with the type-volume limit of FRAP 27(d)(2)(A) and 32(c)(1) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 875 words. This Motion also complies with the typeface and type-style requirements of FRAP 32(a)(5)-(6) because it was prepared using Microsoft Word 2013 in Times New Roman 14-point font.

                                        /s/ Michael Pepson
                                        Michael Pepson

Dated: April 25, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, I electronically filed the above Unopposed Motion for Leave to File Brief of Amicus Curiae Americans for Prosperity Foundation in Support of Defendant-Appellee with the Clerk of the Court by using the appellate CM/ECF system. I further certify that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Michael Pepson</u>
Michael Pepson

Dated: April 25, 2024